UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 20-112 |
| ALONZO PITTMAN | SECTION I |

### ORDER & REASONS

Before the Court is petitioner Alonzo Pittman's ("Pittman") *pro se* motion[1] to review his sentence pursuant to 28 U.S.C. § 2255. The government opposes Pittman's motion.[2] For the reasons set forth below, the Court denies Pittman's motion.

## I. BACKGROUND

On October 23, 2020, Pittman was charged in a one-count indictment with knowingly possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[3] On June 16, 2021, Pittman pleaded guilty to the one-count indictment.[4] On November 17, 2021, Pittman was sentenced to a term of 46 months imprisonment and three years of supervised release.[5] Pittman did not file an appeal.

On December 5, 2023, Pittman filed the instant § 2255 motion.[6] In his motion, Pittman argues his sentence is unconstitutional pursuant to the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[7] and the U.S.

---

[1] R. Doc. No. 59.
[2] R. Doc. No. 63.
[3] R. Doc. No. 1.
[4] R. Doc. No. 39.
[5] R. Doc. No. 55.
[6] R. Doc. No. 59.
[7] 142 S. Ct. 2111 (2022).

1

Fifth Circuit Court of Appeals' decision in *United States v. Rahimi*.[8] The government argues that Pittman's motion is untimely, procedurally defaulted, and without merit.[9]

## II.   STANDARD OF LAW

Section 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Petitions for habeas relief brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. This limitation period runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[8] 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 143 S. Ct. 2688 (2023).
[9] *See generally* R. Doc. No. 63.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *U.S. v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012).

### III.   ANALYSIS

Pursuant to 28 U.S.C. § 2255(f), Pittman's motion is untimely. As mentioned, Pittman was sentenced on November 17, 2021. His conviction became final fourteen days later, on December 1, 2021. *See* Fed. R. App. P. 4(b)(1)(A). Pittman filed the instant motion on December 5, 2023, well beyond the one-year deadline.

As discussed previously, Pittman bases his motion on the Supreme Court's decision in *Bruen* and the Fifth Circuit's decision in *Rahimi*. When a Supreme Court decision recognizes a right made retroactively applicable to cases on collateral review, the date of that decision triggers a new one-year period during which a § 2255 motion may be brought. 28 U.S.C. § 2255(f)(3). The right "must have been newly recognized by the Supreme Court," not by a Court of Appeals, pursuant to 28 U.S.C. § 2255(f)(3). *See Washington v. United States*, No. A-14-CR-337-SS, 2017 WL 2930939, at *3 (W.D. Tex. July 7, 2017). Therefore, the date of the Fifth Circuit's decision in *Rahimi* is not relevant to the timeliness analysis. Additionally, "[e]ven assuming that *Bruen* could be deemed to have established a newly recognized right applicable to [Pittman's] case, *Bruen* was decided on June 23, 2022 [,] more than one year before [Pittman filed

3

his motion]." *See James Emory Jones, Jr. v. United States*, No. CR TDC-17-0006, 2023 WL 8602805, at *3 (D. Md. Dec. 12, 2023).[10]

Pittman has not alleged that his motion is timely pursuant to 28 U.S.C. § 2255(f)(2) or § 2255(f)(4), and the Court does not find those subsections to be applicable based on the record before the Court. Because Pittman's motion is time-barred, the Court need not address whether the motion is procedurally defaulted or without merit.[11]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Pittman's § 2255 motion is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b).

New Orleans, Louisiana, January 3, 2024.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] Because the motion is untimely even assuming *Bruen* created a retroactively applicable newly recognized right, the Court need not address whether *Bruen* actually created such a right.

[11] The Court notes that it has previously addressed challenges to the constitutionality of 18 U.S.C. § 922(g)(1) based on *Bruen* and *Rahimi* and found them to be without merit. *See e.g.*, *U.S. v. Bazile*, No. CR 23-34, 2023 WL 7112833 (E.D. La. Oct. 27, 2023).